JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    ED CV 09-01159-SGL(RCx)                                              Date:  June 29, 2009

Title:      U.S. BANK NATIONAL ASSOCIATION -v- KHADIJAH MYERS, ET AL
==============================================================================
PRESENT:    HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

        Cindy Sasse                                                         None Present
        Courtroom Deputy                                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                        None present

**PROCEEDINGS:    ORDER REMANDING CASE**

      The present action was improperly removed and the Court lacks subject-matter jurisdiction over it; accordingly, the Court **REMANDS** this case to San Bernardino Superior Court.

      Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution.  <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994).  As the proponent of the Court's jurisdiction, the removing defendant bears the burden of establishing it.  <u>Abrego Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676, 685 (9th Cir. 2006).

      Although the Notice of Removal states that a claim in the present action arises under federal law, a review of the complaint reveals that it is a straightforward unlawful detainer action proceeding under state law to which the removing defendant intends to assert a federal defense.  The assertion of a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal-question jurisdiction.  <u>See</u> <u>Moore-Thomas v. Alaska Airlines, Inc.</u>, 553 F.3d 1241, 1244 (9th Cir. 2009) (setting forth the so-called "well-pleaded complaint rule").  Therefore, the Court has no federal question jurisdiction.  See 28 U.S.C. § 1331 (conferring on federal courts subject-matter jurisdiction over cases arising under federal law).

      It is unclear whether plaintiff and defendant are citizens of different states; however, even if

MINUTES FORM 90                                                            Initials of Deputy Clerk __cls_____
CIVIL -- GEN                                      1

ED CV 09-01159-SGL(RCx)
U.S. BANK NATIONAL ASSOCIATION v KHADIJAH MYERS, ET AL
MINUTE ORDER of June 29, 2009

they are, the Court's diversity jurisdiction is not properly invoked because the requisite amount in controversy is not met.  Although defendant states that he "believes" the amount in controversy exceeds $75,000, this belief is unfounded, as the complaint expressly limits the amount in controversy to less than $10,000.  In order to invoke the Court's diversity jurisdiction, the defendant must show both that he and the plaintiffs are not residents of the same state, and that the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction).

In any event, even if the Court's diversity jurisdiction was properly invoked, in the absence of a federal question, a removing defendant may not be a resident of the forum state; here, defendant, who reports his address as the property at issue in this action (located in Ontario, California), is clearly a forum defendant who may not remove a state-court action.  See 28 U.S.C. § 1441(b).

In the absence of subject-matter jurisdiction, this Court is empowered to *sua sponte* order summary remand the action.  See 28 U.S.C. § 1446(c)(4) (requiring district courts to examine notices of removal and their exhibits and authorizing summary remand in appropriate circumstances); 28 U.S.C. § 1447(c) (requiring district courts to remand cases if it appears, at any time before final judgment is entered, that the court lacks subject-matter jurisdiction).  Accordingly, the Court **HEREBY REMANDS** the present action to the San Bernardino Superior Court.

The Clerk shall close the case.

**IT IS SO ORDERED.**